IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 2:17cr0001 |
| v. | ) | |
| | ) | |
| LIONEL NELSON WILLIAMS, | ) | |
| a/k/a "Harun Ash-Shababi," | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S BENCH MEMORANDUM
REGARDING THE CLASSIFIED INFORMATION PROCEDURES ACT**

The United States of America, through its attorneys, Dana J. Boente, United States

Attorney, and hereby submits this Bench Memorandum regarding the Classified Information

Procedures Act, and states as follows:

I.   <u>PRELIMINARY STATEMENT</u>

The government respectfully submits this memorandum of law to apprise the Court of the

applicability of the Classified Information Procedures Act, 18 U.S.C. App. 3 ("CIPA"), to

matters relating to classified information that may arise in connection with the above-captioned

matter, both before and during trial.

As in all cases that may implicate classified information, the government herein provides

the Court with a detailed description of the procedures mandated by the CIPA statute for

protecting such classified information.  This memorandum provides information relevant to the

proposed CIPA briefing schedule previously communicated to the Court, in which the

government, with the agreement of the defense, has proposed the following CIPA briefing

schedule:

May 5, 2017:  Deadline for United States to file a CIPA § 4 filing and protective order.

June 9, 2017:  Deadline for defense counsel to file a CIPA § 5 pleading.

If a CIPA § 6 response or CIPA § 6 hearing is needed, they will be scheduled after the CIPA § 5 pleading is submitted.

II.    BACKGROUND

For purposes of CIPA, "classified information" includes any information or material that has been determined by the United States Government pursuant to law or regulation to require protection against unauthorized disclosure for reasons of national security.  18 U.S.C. App. 3 Section 1(a).  "National security" means the national defense and foreign relations of the United States.  Id. at 1(b).

CIPA applies equally to classified testimony and classified documents.  See United States v. Lee, 90 F. Supp. 2d 1324 n.1 (D.N.M. 2000) (citing United States v. North, 708 F. Supp. 399, 399-400 (D.D.C. 1988)); Kasi v. Angelone, 200 F. Supp. 2d 585, 596-97 (E.D. Va. 2002) (applying CIPA to classified testimony).

CIPA, codified at 18 U.S.C. App. 3, is a set of procedures by which federal district courts and magistrate courts rule on pretrial matters concerning the discovery, admissibility and use of classified information in criminal cases.  United States v. Baptista-Rodriguez, 17 F.3d 1354, 1363 (11th Cir. 1994).  CIPA's fundamental purpose is to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the Government's right to protect classified material in the national interest."  United States v. Pappas, 94 F.3d 795, 799 (2nd Cir. 1996).  It "evidence[s] Congress's intent to protect classified information from unnecessary disclosure at any state of a criminal trial."  United States v. Apperson, 441 F.3d 1162, 1193 n.8 (10th Cir. 2006) (quoting United States v. O'Hara, 301 F.3d 563, 568 (7th Cir. 2002)).

The Supreme Court has acknowledged the importance of protecting the nation's secrets from disclosure: "The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service." CIA v. Sims, 471 U.S. 159, 175 (1985) (quoting Snepp v. United States, 444 U.S. 507, 509 n.3 (1980) (per curiam)); accord Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp., 333 U.S. 103, 111 (1948) ("The [executive branch] has available intelligence services whose reports are not and ought not to be published to the world."). Accordingly, federal courts have long recognized that "[i]t is not in the national interest for revelation of either the existence or the product of [foreign intelligence operations and information] to extend beyond the narrowest limits compatible with the assurance that no injustice is done to the criminal defendant." United States v. Lemonakis, 485 F.2d 941, 963 (D.C. Cir. 1973).

III.     CIPA SECTIONS AND PROCEDURES

A.   Pretrial Conference

Section 2 of CIPA provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. 3 Section 2. After such a motion is filed, Section 2 states that the district court "shall promptly hold a pretrial conference to establish the timing of requests for discovery, the provision of notice required by Section 5 of [CIPA], and the initiation of the procedure established by Section 6 of [CIPA]." Id.

Pursuant to CIPA, following such motion, the Court shall promptly hold the pretrial conference to establish: (1) the timing of requests for discovery by the defense; (2) the provision

of the requisite written pretrial notice to the United States of the defendant's intent to disclose classified information, pursuant to Section 5 of CIPA; and (3) the initiation of hearings concerning the use, relevance and admissibility of classified information pursuant to Section 6 of CIPA.  Id.  In addition, the Court may consider any matters that relate to classified information or that may promote a fair and expeditious trial.  Id.  No substantive issues concerning the use of classified information are to be decided in a Section 2 pretrial conference.  See S. Rep. No. 96-823, at 5-6, reprinted in 1980 U.S.C.C.A.N. 4294, 4298-99 (96th Cong. 2d Sess.).

To foster open discussions at the pretrial conference, Section 2 provides that no admission made by the defendant or his attorney at the pretrial conference may be used against the defendant unless the admission is in writing and signed by both the defendant and his attorney.  18 U.S.C. App. 3 Section 2.

B.  Protective Orders –Section 3

Section 3 of CIPA requires the district court issue a protective order upon motion by the United States to protect against the disclosure of any classified information that is disclosed by the Government to a defendant.  Id. at Section 3.  Section 3 was intended "'to codify the well-established practice, based on the inherent authority of federal courts, to issue protective orders,'" Pappas, 94 F.3d at 801 (quoting H.R. Rep. No. 831, 96th Cong., 2d Sess., pt. 1 (1980), at 26), as well as to supplement the district court's authority under Rule 16(d)(1) to issue protective orders in connection with the discovery process.  In contrast to Rule 16(d)(1)'s discretionary authority, Section 3 "'makes it clear that protective orders are to be issued, if requested, whenever the government disclosed classified information in connection with a prosecution, e.g. Brady and Jencks material.'"  Id. (quoting H.R. Rep. No. 831, 96th Cong., 2d

Sess., pt. 1 (1980), at 26).  The government intends to file its Section 3 motion and proposed order shortly.

  C. <u>Protection of Classified Information During Discovery – Section 4</u>

  CIPA neither creates any new right of discovery nor expands the rules governing the admissibility of evidence.  <u>United States v. Johnson</u>, 139 F.3d 1359, 1365 (11th Cir. 1998) ("CIPA has no substantive impact on the admissibility or relevance of probative evidence").  See <u>United States v. Dumeisi</u>, 424 F.3d 566, 578 (7th Cir. 2005) ("CIPA does not create any discovery rights for the defendant."); <u>United States v. Smith</u>, 780 F.2d 1102, 1106 (4th Cir. 1985) (en banc).  Rather, CIPA applies preexisting general discovery law in criminal cases to classified information and restricts discovery of classified information to protect the government's national security interests.  <u>Baptista-Rodriguez</u>, 17 F.3d at 1363-64; <u>United States v. Klimavicius-Viloria</u>, 144 F.3d 1249, 1261 (9th Cir. 1998); <u>United States v. Yunis</u>, 867 F.2d 617, 621 (D.C. Cir. 1989).

  Accordingly, CIPA does not "expand the traditional rules of discovery under which the government is not required to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense."  <u>United States v. Varca</u>, 896 F.2d 900, 905 (5th Cir. 1990); accord <u>United States v. McVeigh</u>, 923 F. Supp. 1310, 1314 (D. Colo. 1996) ("CIPA does not enlarge the scope of discovery or of <u>Brady</u>").  Nor does it provide that the admissibility of classified information be governed by anything other than the well-established standards set forth in the Federal Rules of Evidence.  <u>Baptista-Rodriguez</u>, 17 F.3d at 1364.

  Section 4 of CIPA authorizes the district court "upon a sufficient showing" to deny or otherwise restrict discovery by the defendant of classified documents and information belonging to the United States.  18 U.S.C. App. 3 Section 4; see, e.g., <u>United States v. Rezaq</u>, 134 F.3d 1121, 1142 (D.C. Cir. 1998); <u>Yunis</u>, 867 F.2d at 619-625.  Similarly, the Federal Rules of

Criminal Procedure provide, in pertinent part, that "[u]pon a sufficient showing," a district court "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed.R.Crim.Pro. 16(d)(1). The legislative history of CIPA makes it clear that Section 4 was intended to clarify the district court's power under Rule 16(d)(1) to deny or restrict discovery in order to protect national security. See S. Rep. No. 96-823 at 6, 1980 U.S.C.C.A.C. at 4299-4300; see also United States v. Pringle, 751 F.2d 419, 427 (1st Cir. 1985).

Section 4 provides, in pertinent part, that a district court:

> upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone.

18 U.S.C. App. 3 Section 4.

Like Rule 16(d)(1) of the Federal Rules of Criminal Procedure, Section 4 of CIPA provides that the United States may demonstrate that the use of such alternatives is warranted through an in camera, ex parte submission to the Court. Id.; see United States v. Abu-Jihaad, 630 F.3d 102, 140 (2nd Cir. 2010); United States v. Aref, 533 F.3d 72, 81 (2nd Cir. 2008); Yunis, 867 F.2d 617, 622-23 (D.C. Cir. 1989); United States v. Sarkissian, 841 F.2d 959, 965 (9th Cir. 1988); Pringle, 751 F.2d 419, 427 (1st Cir. 1984). CIPA's legislative history makes clear that the Court may take additional national security interests into account in determining whether to permit discovery to be denied, restricted, or deferred. S. Rep. No. 96-823, at 6, reprinted in 1980 U.S.C.C.A.N. 4294, 4299-4300 (1980); see Aref, 533 F.3d at 78-79; see also United States v. Smith, 780 F.2d 1102, 1110 (4th Cir, 1985) (holding that defendant's right to discovery must be balanced against public's interest in nondisclosure); Pringle, 751 F.2d at 427.

6

In essence, Section 4 allows the United States to request that the Court review, ex parte and in camera, classified information to determine whether it is discoverable under Rule 16, Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), or the Jencks Act, and to protect such classified information from disclosure through various means if it is discoverable.  See United States v. Libby, 429 F.Supp.2d 18, 22 (D.D.C. Apr. 5, 2006) (amended by United States v. Libby, 429 F.Supp.2d 46, 47 (D.D.C. May 3, 2006)); see also United States v. Klimavicius-Viloria, 144 F.3d 1249, 1261-62 (9th Cir. 1998); Rezaq, 134 F.3d at 1142; Yunis, 867 F.2d at 619-25; Pringle, 751 F.2d at 427-28; Kasi, 200 F.Supp.2d at 596 n.6.

For example, the government may request that the Court deny discovery of a classified document in its entirety pursuant to Section 4 because it is not discoverable under the relevant legal standard.  Libby, 429 F.Supp. at 48.  Alternatively, the government may file a motion under Section 4 to delete specific classified information from a document that either the government or the Court has deemed discoverable, or to substitute an unclassified summary or admission in the place of the document.  Id. at 47.  If the Court determines that the disputed document is not subject to discovery, or, if it is, permits deletion or substitution of the classified information, then the entire text of any ex parte in camera pleadings shall be sealed and preserved in the Court's record to be made available to the appellate court in the event of an appeal.  18 U.S.C. App. 3 Section 4; see also United States v. Aref, 533 F.3d at 78-79.

>   D.   Classified Information Possessed by the Defendant with Notice of Defendant's Intent to Disclose and Pretrial Evidentiary Rulings – Sections 5 and 6

Sections 5 and 6 of CIPA apply when a criminal defendant possesses classified information and seeks to disclose such information during the course of a trial or proceeding. See, e.g., Baptista-Rodriguez, 17 F.3d at 1363; Sarkissian, 841 F.2d at 965-66; United States v. Collins, 720 F.2d 1195, 1199 (11th Cir. 1983).

There are three critical pretrial steps in the handling of classified information under CIPA after such information has been provided to the defendant through discovery.  First, the defendant must specify in detail the precise classified information he or she reasonably expects to disclose at trial.  Second, the Court, upon motion of the government, shall hold a hearing pursuant to Section 6(a) to determine the use, relevance and admissibility of the proposed evidence.  Third, following the Section 6(a) hearing and formal findings of admissibility by the Court, the United States may move to substitute an admission of relevant facts or summaries for classified information that the Court rules is admissible.

> i.     The requirement to provide notice of disclosure

A linchpin of CIPA Section 5 is subsection (a), which requires a defendant who intends to disclose (or cause the disclosure of) classified information to provide timely pretrial written notice of his or her intention to the Court and the government.  Section 5(a) expressly requires that such notice "include a brief description of the classified information," and the leading case under Section 5(a) holds that such notice "must be particularized, setting forth specifically the classified information which the defendant reasonably believes to be necessary to his defense." Collins, 720 F.2d at 1199-1200; see also United States v. Giffen, 473 F.3d 30, 33 (2nd Cir. 2006); Yunis, 867 F.2d at 623 ("a defendant seeking classified information … is entitled only to information that is at least 'helpful to the defense of [the] accused'"); United States v. Smith, 780 F.2d 1102, 1005 (4th Cir. 1985) (en banc).  This requirement applies to both documentary exhibits and oral testimony, whether it is anticipated to be brought out on direct or cross-examination.  See, e.g., United States v. Wilson, 750 F.2d 7 (2nd Cir. 1984); Collins, 720 F.2d 1195 (11th Cir. 1983).

If a defendant fails to provide a sufficiently detailed notice far enough in advance of trial to permit the implementation of CIPA procedures, Section 5(b) authorizes the Court to preclude disclosure of the classified information.  See United States v. Hashmi, 621 F.Supp.2d 76, 81 (S.D.N.Y. 2008); United States v. Badia, 827 F.2d 1458, 1464-66 (11th Cir. 1987) (upholding preclusion of disclosure of classified information at trial because defendant failed to comply with notice requirements of CIPA Section 5).  Similarly, if the defendant attempts to disclose at trial classified information which is not described in his Section 5(a) notice, preclusion is the appropriate remedy under Section 5(b) of CIPA.  See Smith, 780 F.2d at 1105 ("defendant is forbidden from disclosing any such information absent the giving of notice"); see generally United States v. North, 708 F.Supp.389 (D.D.C. 1988).

Thus, Section 5 requires the defendant to provide timely written notice to the Court and the government describing any classified information that he reasonably expects to disclose.  See 18 U.S.C. App. 3 Section 5(a).  Notification must take place "within the time specified by the court, or where no time is specified, within thirty days prior to trial."  Id.  Section 5 specifically prohibits the defendant from disclosing any classified information in a trial or pretrial proceeding until such notice has been given, the government has had the opportunity to seek a determination pursuant to Section 6, and any appeal by the government under Section 7 has been decided or the time for filing an appeal has expired.  18 U.S.C. App. 3 Section 5(a).

ii.     The Pretrial Hearing on Disclosure

Prior to trial, pursuant to Section 6(a) of CIPA, upon motion of the government, the Court must hold a hearing "to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding."  18 U.S.C. App. 3 Section 6(a).  The statute expressly provides that if the Section

9

6(a) motion is filed before trial or the relevant pretrial proceeding, "the court shall rule [on the use, relevance, or admissibility of the classified information at issue] prior to the commencement of the relevant proceeding." Id.

Section 6(b) of CIPA requires that before any hearing is conducted under subsection (a), the United States must notify the defendant of the hearing and identify the classified information which will be at issue.  If the information was not previously made available to the defendant, the United States may, with the Court's approval, provide a generic description of the material to the defendant.  Thus, as Congress recognized in enacting CIPA, "the Government would not have to disclose the identity of an undercover intelligence agent not previously disclosed to the defendant; instead, the Government would describe the information as 'the identity of an undercover intelligence agent' if this meets with court approval."  S. Rep. No. 96-823, at 6, reprinted in 1980 U.S.C.C.A.N. 4294, 4301 (1980).

At the Section 6(a) hearing, the Court hears the defense proffer and the arguments of counsel, then rules whether the classified information identified by the defense is relevant under Rule 401 of the Federal Rules of Evidence.[1]  See Giffen, 473 F.3d at 33; Smith, 780 F.2d at 1106; see generally Yunis, 867 F.2d at 622.  The Court's inquiry does not end there, however, because under Rule 402 of the Federal Rules of Evidence, "[n]ot all relevant evidence is admissible at trial."  Id.  The Court must also determine whether the evidence is cumulative, "prejudicial, confusing, or misleading," so that it should be excluded under Rule 403 of the Federal Rules of Evidence.  Wilson, 750 F.2d at 9.  At the conclusion of the Section 6(a) hearing,

---

[1] CIPA does not change the "generally applicable evidentiary rules of admissibility." Wilson, 750 F.2d at 9; accord Yunis, 867 F.2d at 623.  Rather, CIPA alters the timing of rulings concerning admissibility, so as to require them to be made before trial.  United States v. Poindexter, 698 F. Supp. 316, 318 (D.D.C. 1988); accord United States v. Smith, 780 F.2d at 1106.

the Court must state in writing the reasons for its determination as to each item of classified information.

        iii.    Substitution in Lieu of Disclosure

In the event that the Court rules that one or more items of classified information are admissible, the United States has the option of proposing a "substitution" for the classified information at issue, pursuant to Section 6(c) of CIPA.  18 U.S.C. App. 3 Section 6(c).  The United States may move for permission to provide the defense either a substitute statement admitting relevant facts that the classified information would tend to prove, or substitute a summary of the classified information that would otherwise be disclosable.  See Giffen, 473 F.3d at 33; Smith, 780 F.2d at 1105.  The Court must grant the motion for substitution "if it finds that the admission or summary will leave the defendant in substantially the same position as would disclosure."  United States v. North, 910 F.2d 843, 899 (D.C. Cir. 1990).

If the Court determines that the item of classified information at issue is relevant and admissible and denies the government's motion for substitution, Section 6(e)(1) of CIPA permits the government to object to the classified information's disclosure.  18 U.S.C. App. 3 Section 6(e)(1).  In such cases, the Court shall "order that the defendant not disclose or cause the disclosure of such information."  Id.  Section 6(e) then sets forth a sliding scale of remedies that the Court may impose in such a case.  Id. at 6(e).

If, after an in camera hearing, the Court determines that the classified information at issue may not be disclosed or elicited during the proceeding, the record of the hearing must be sealed and preserved for use in the event of an appeal.  Id. at 6(d).

If the Court denies the government's motion for substitution under Section 6(c), CIPA permits the government by affidavit from the Attorney General to object to the disclosure of the

classified information at issue.  <u>Id</u>. at 6(e)(1).  Upon filing of the Attorney General's affidavit, the Court shall "order that the defendant not disclose or cause the disclosure of such information," <u>id</u>., and may impose a sanction against the government to compensate for the defendant's inability to present proof of the specific item of classified information.  See S. Rep. 96-823 at 9, 1980 U.S.C.C.A.N. at 4302-3.  Section 6(e)(2) provides a sliding scale of possible sanctions, which include dismissal of specific counts, finding against the government on an issue to which the classified information related, striking or precluding testimony of a witness, or dismissing the indictment.  18 U.S.C. App. 3 Section 6(e)(2).  An order imposing a sanction shall not take effect until the government has the opportunity to appeal the order under Section 7 and thereafter to withdraw its objection to the disclosure of the information.  <u>Id</u>.

Whenever the Court rules classified information admissible pursuant to a Section 6(a) hearing, the Court is instructed to require the government, "unless the interests of fairness do not so require," to provide the defendant with the information it expects to use to rebut the classified information.  <u>Id</u>. at 6(f).  The Court may place the United States under a continuing duty to disclose rebuttal information.  <u>Id</u>.  If the government fails to comply, the Court may exclude the rebuttal evidence and prohibit the examination by the United States of any witness with respect to such information.  <u>Id</u>.

   E.  <u>Other Relevant CIPA Procedures</u>

     i.  <u>Interlocutory Appeal – Section 7</u>

Section 7 permits the United States to take an interlocutory expedited appeal to the appellate court if the district court: (a) authorizes the disclosure of classified information; (b) imposes sanctions for nondisclosure of classified information; or (c) refuses to use a protective order sought by the United States to prevent the disclosure of classified information.

Id. at 7.  If an appeal is taken, trial shall not commence, or must be adjourned if already

commenced, until the appeal is resolved.  Id.  Such an appeal and decision do not affect the

defendant's right to lodge a subsequent appeal upon conviction of an adverse ruling by the trial

court.  Id. at 7(b).

> ii.  Procedures Governing the Introduction of Classified Information at Trial
> or at a Pretrial Proceeding – Section 8

Section 8 prescribes additional protections and procedures governing the introduction of

classified information into evidence.  Specifically, Section 8(a) provides that classified documents

may be admitted into evidence without changing their classification status.  This provision allows

the classifying agency, upon completion of the trial, to decide whether information has been so

compromised that it could no longer be regarded as classified.  See S. Rep. No. 96-823 at 10, 1980

U.S.C.C.A.N. at 4304.

In order to prevent "unnecessary disclosure" of classified information, Section 8(b)

permits the Court to order admission into evidence of only a part of a writing, recording or

photograph.  Alternatively, the Court may order into evidence the entire writing, recording or

photograph with all or part of the classified information contained therein excised.  Excision of

such classified information may not be authorized, however, if fairness requires that the whole

document, recording or photograph be considered.

Last, Section 8(c) provides a procedure to address the problem presented at a proceeding

when the defendant's counsel asks a question or embarks on a line of inquiry that would require

the witness to disclose classified information.  Id. at 11, 1980 U.S.C.C.A.N. at 4304.

Specifically, under Section 8(c), the government may object to any question or line of inquiry

that may require the witness to disclose classified information that was not previously held to be

admissible.  18 U.S.C. App. 3 Section 8(c).  Following an objection, the Court shall take suitable

action to determine whether the response is admissible "as will safeguard against the compromise of any classified information." Id.  In effect, this procedure supplements the notice provision under Section 5 and the hearing provision in Section 6(a) to cope with situations that cannot be handled effectively by those sections, such as where the defense counsel does not realize that the answer to a given question will reveal classified information.  S. Rep. No. 96-823 at 11, 1980 U.S.C.C.A.N. at 4304-5.

      iii.    Security Procedures – Section 9

Section 9 requires the Chief Justice of the United States, in consultation with executive branch officials, to prescribe rules establishing procedures to protect classified information in the custody of federal courts from unauthorized disclosure.  18 U.S.C. App. 3 Section 9(a).  The Security Procedures established by former Chief Justice Burger pursuant to this provision will be discussed in the government's Motion for a Protective Order Pursuant to Section 3 of CIPA.  The security procedures themselves are codified directly following Section 9 of CIPA.

      iv.    Coordination Requirement – Section 9A

Section 9A requires an official of the Department of Justice and the appropriate United States Attorney to provide timely briefings of the fact and status of a prosecution involving classified information to a senior official of the agency in which the classified information originated.  Id. at 9A(a).

      v.    Identification of Information Related to National Defense – Section 10

This Section applies in espionage or other criminal prosecutions in which the Government must prove as an element of the crime charged that certain material relates to the national defense or constitutes classified information.  See S. Rep. 96-823 at 11-12, 1980 U.S.C.C.A.N. at 4305.  In such a circumstance, Section 10 requires the government to inform the

defendant of which portions of the material it reasonably expects to rely upon to prove the

national defense or classified information element of the crime.  18 U.S.C. App. 3 Section 10.

vi.     Miscellaneous Provisions – Sections 11-15

The remaining sections of CIPA contain various housekeeping provisions.  Section 11

provides for amendments to Sections 1 through 10 of CIPA.  Section 12 requires the Attorney

General to issue guidelines regarding the exercise of prosecutorial discretion over cases in which

classified information may be revealed and requires preparation of written findings when

prosecution of such cases is declined.  Section 13 requires the Attorney General periodically to

report such declination decisions to Congress and, where necessary, to report on the operation

and effectiveness of CIPA.  Section 14 identifies the senior officials to whom the functions and

duties of the Attorney General under CIPA may be delegated.  Last, Section 15 provides the

effective date of CIPA.

IV.     APPLICATION TO THE INSTANT CASE

In the instant case, classified material exists that could be the subject of the CIPA

procedure previously outlined as well as other applicable rules, statutes, and/or case law.  The

disclosure of such material would raise issues of national security that the Court should address

before the material is provided to the defense.  While CIPA has generally been outlined above,

the government notes for the Court that some or many of the aforementioned CIPA Sections may

not be invoked or need to be addressed in this case.  Further, dependent upon future events and

potential pre-trial resolutions and proceedings, there may not be a need for hearings pursuant to

various CIPA Sections.

The defendant in the above-captioned case is charged in one count with violating Title

18, United States Code, Section 2339B, attempting to provide material support or resources to a

designated foreign-terrorist organization.  Due to the circumstances of the charges and the

expected evidence, the United States anticipates that issues relating to classified information may

arise in connection with this case.  As previously ordered, the government has submitted a

proposed CIPA litigation schedule to the Court that has been agreed upon by the parties.  The

government will shortly file a motion for a protective order pursuant to CIPA Section 3.  Should

the Court approve the proposed schedule, the government will file a motion under Section 4 of

CIPA, relating to the deletion, substitution, and/or disclosure pursuant to a protective order of

classified information otherwise subject to discovery under the Federal Rules of Criminal

Procedure, by May 5, 2017.

Finally, pursuant to Section 4 of CIPA, the government will request that the Court

authorize an in camera, ex parte submission regarding classified materials that the government

believes should be subject to deletion, substitution, or disclosure pursuant to a protective order.

Courts have consistently held that such submissions are proper.  See, e.g., United States v. Mejia,

448 F.3d 436, 455 (D.C. Cir. 2006); United States v. Gurolla, 333 F.3d 944, 951 (9th Cir. 2003).

Respectfully submitted,

Dana J. Boente
United States Attorney

By:       /s/
Joseph E. DePadilla
Andrew Bosse
Assistant United States Attorneys
Attorneys for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number: 757-441-6331
Facsimile Number: 757-441-6689
joe.depadilla@usdoj.gov
andrew.bosse@usdoj.gov

16

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of February, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

                              _____/s/_____
                              Andrew Bosse
                              Assistant United States Attorney
                              Attorney for the United States
                              United States Attorney's Office
                              101 West Main Street, Suite 8000
                              Norfolk, VA 23510
                              Office Number: 757-441-6331
                              Facsimile Number: 757-441-6689
                              andrew.bosse@usdoj.gov