**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:17cr1 |
| | ) | |
| LIONEL NELSON WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**POSITION OF DEFENDANT WITH RESPECT TO SENTENCING FACTORS**

COMES NOW the Defendant, Lionel Nelson Williams ("Mr. Williams"), by counsel, pursuant to Section 6A1.2 of the *Sentencing Guidelines and Policy Statements*, and this Court's Sentencing Order, and submits his position with respect to the sentencing factors.

Mr. Williams is before this Court for sentencing after entering a plea of guilty, pursuant to a written plea agreement, to Count One, which charged him with Attempt to Provide Material Support or Resources to a Designated Foreign Terrorist Organization, in violation of 18 U.S.C. §2339B. Sentencing is scheduled for December 20, 2017.

In accordance with Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties have agreed to seek a sentence of 240 months' imprisonment. Mr. Williams' current advisory guideline range is restricted to a maximum of 240 months of confinement.

Mr. Williams respectfully requests that this Court impose a sentence consistent with the agreement of the parties, followed by a term of supervised release. Such a sentence would be consistent with the parties negotiated plea agreement and comply with the mandate to impose a sentence "sufficient, but not greater than necessary" to achieve the purposes of sentencing as set forth in 18 U.S.C. § 3553(a)(2).

## The Statutory Sentencing Considerations Demonstrate That
## 240 Months' Confinement Would Be a Just and Appropriate Sentence

In imposing a sentence, the Court's duty is to consider all of the factors identified in 18 U.S.C. § 3553(a)(2), and to "impose a sentence sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), to comply with the purposes of sentencing set forth in the statute, i.e., (a) retribution (to reflect the seriousness of the offense, to promote respect for the law, and to provide "just punishment"); (b) deterrence (to afford adequate deterrence to criminal conduct); (c) incapacitation ("to protect the public from further crimes"); and (d) rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner").

Congress has required federal courts to impose the least amount of imprisonment necessary to accomplish the purposes of sentencing. In determining the sentence minimally sufficient to comply with the § 3553(a)(2) purposes of sentencing, the court must also consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the kinds of sentences and the sentencing range established for [the offense]; (4) any pertinent policy issued by the Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (a)(3)-(7). Neither the statute itself nor *United States v. Booker*, 543 U.S. 220 (2005), suggests that any one of these factors is to be given greater weight than any other factor. However, it is important to remember that all factors are subservient to § 3553(a)'s mandate to impose a sentence "sufficient, but not greater than necessary," to comply with the purposes of sentencing.

This Court "may not presume that the Guidelines range is reasonable," but instead must

"make an individualized assessment based on the facts presented." *Gall v. United States*, 550 U.S. 38, 50 (2007). Every convicted person is a "unique study" who should be given individual consideration. *Id.* at 52 (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996)). In other words, this Court has broad discretion to disagree with the Guidelines ranges after taking into account the factors set forth in § 3553(a). *See Kimbrough v. United States*, 552 U.S. 85, 101-02 (2007). Here, an individualized assessment of Mr. Williams makes clear that the agreed upon sentence is appropriate and complies with the statutory goals of sentencing.

Mr. Williams asks the Court to honor the parties negotiated agreement to impose a sentence of 240 months. In *Missouri v. Frye*, 132 S.Ct. 1399, 1407 (2012), the Supreme Court expressly recognized what has long been obvious to anyone involved in the prosecution or defense of federal criminal cases: "'to a large extent ... horse trading [between prosecutor and defense counsel] determines who goes to jail and for how long[; t]hat is what plea bargaining is[; i]t is not some adjunct to the criminal justice system; it is the criminal justice system.'" *Id.* at 1407 (quoting *Scott & Stuntz, Plea Bargaining as Contract*, 101 Yale L. J. 1909, 1912 (1992)); *see also United States v. Torres-Echeverria*, 129 F.3d 692, 695 (2d Cir. 1997) ("The plea bargain is an indispensable tool for the administration of the criminal law.").

As many courts have long recognized, if defendants do not believe that entering a plea bargain will help them to get a lesser sentence, the motivation for plea agreements will largely disappear. *United States v. Stanley*, 928 F.2d 575, 582 (2d Cir. 1991) ("We believe that if plea bargains could not alter sentences, most defendants would have little interest in bargaining.").

While a district court judge retains the ultimate power to determine the sentence, decisions to disregard the government's recommendation, and ultimately to discount the government's assessment of the evidence, would inevitably erode confidence in the plea bargain process, thereby

discouraging defendants from engaging in the process in the first place. This would be harmful for defendants, who would be unable to place reasonable reliance on the terms of a plea agreement or in their ability to negotiate fair resolutions with the prosecution; prosecutors, whose credibility would indirectly be damaged if defendants, attorneys and the public cannot have faith that such recommendations will be honored; and the justice system as a whole, since cases that should properly be resolved through negotiated pleas would instead follow the unforgiving all-or-nothing route of trial.

The negotiated agreement is further supported by the Sentencing Guidelines. Section 6B1.2(c) of the Guidelines governs whether a district court should approve a plea agreement that includes a binding sentencing recommendation pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The policy statement states that the court may accept the agreement if the court is satisfied either that:

(1) the agreed sentence is within the applicable guideline range; or

(2)(A) the agreed sentence is outside the applicable guideline range for justifiable reasons;

and (B) those reasons are set forth with specificity in the statement of reasons form.

U.S.S.G. § 6B1.2(c).

The advisory guideline range herein is consistent with the agreed upon recommendation and provides a sufficient basis for the Court's approval and acceptance.

Further, the agreement to 240 months' imprisonment satisfies and is consistent with the application of the 18 U.S.C. § 3553(a) factors, providing for a sentence that is sufficient, but not greater than necessary.

Mr. Williams intends to present argument in mitigation, incorporating herein a forensic evaluation report filed separately under seal, and in support of the sentence requested herein at the

time of his sentencing hearing pursuant to the aforementioned sentencing factors.

## **Supervised Release**

The terms of supervised release related to the charge to which Mr. Williams pled guilty ranges from 1 year to life supervision. Upon a review of recent similar cases in the Eastern District of Virginia, Mr. Williams respectfully requests a period of supervision not to exceed 10 years. *See United States v. Elhassen*, criminal case no. 1:16cr64, E.D.Va. - Alexandria Division, February 24, 2017 ( sentence of 132 months, 10 years of supervised release); *United States v. Khweis*, criminal case no. 1:16cr143, E.D.Va. - Alexandria Division, October 27, 2017 (sentence of 240 months, 10 years of supervised release); *United States v. Jama*, criminal case no. 1:14cr230, E.D.Va. - Alexandria Division, March 31, 2017 (sentence of 144 months, 10 years of supervised release); *United States v. Dhirane*, criminal case no. 1:14cr230, E.D.Va. - Alexandria Division, October 31, 2017 (sentence of 132 months, 10 years of supervised release).

## **CONCLUSION**

For all of the foregoing reasons, Mr. Williams respectfully requests a sentence of 240 months, followed by a reasonable term of supervised release.

Respectfully submitted,

LIONEL NELSON WILLIAMS

By:_____/s/_____
Keith Loren Kimball
Virginia State Bar No. 31046
Supervisory Assistant Federal Public Defender
Attorney for Defendant Lionel Nelson Williams
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: (757) 457-0800
Facsimile: (757) 457-0880
Email: Keith_Kimball@fd.org

                                                                                          _____/s/_____
Suzanne V. Suher Katchmar
Virginia State Bar No. 37387
Assistant Federal Public Defender
Attorney for Lionel Nelson Williams
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: (757) 457-0890
Facsimile: (757) 457-0880
Email: suzanne_katchmar@fd.org

                 _____/s/_____
Andrew W. Grindrod
Virginia State Bar No. 83943
Assistant Federal Public Defender
Attorney for Lionel Nelson Williams
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: (757) 457-0800
Facsimile: (757) 457-0880
Email: andrew_grindrod@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of December 2017, I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Joseph E. DePadilla
    Andrew Bosse
    Assistant United States Attorneys
    United States Attorney's Office - Norfolk
    101 W Main St , Suite 8000
    Norfolk, Virginia 23510
    Email: joe.depadilla@usdoj.gov
          andrew.bosse@usdoj.gov

I FURTHER CERTIFY that a true and correct copy of the foregoing pleading will be served by electronic mail on the following non-filer:

    Leah D. Greathouse
    Senior United States Probation Officer
    United States Probation Office
    600 Granby Street, Suite 200
    Norfolk, Virginia 23510

                                                _____/s/_____
                                                Suzanne V. Suher Katchmar
                                                Virginia State Bar No. 37387
                                                Assistant Federal Public Defender
                                                Attorney for Lionel Nelson Williams
                                                150 Boush Street, Suite 403
                                                Norfolk, Virginia 23510
                                                Telephone:  (757) 457-0890
                                                Facsimile:  (757) 457-0880
                                                Email: suzanne\_katchmar@fd.org