UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LIONEL NELSON WILLIAMS,<br><br>Defendant. | Criminal No. 2:17cr01-01 |

### ORDER

Before the Court is a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by Defendant Lionel Nelson Williams (ECF No. 51) and a Supplemental Motion and Memorandum in support (ECF No. 57) filed by subsequently-appointed defense counsel. For the following reasons, Defendant's Motion (ECF No.51) is **DISMISSED as moot** and the Supplemental Motion (ECF No. 57) is **DENIED**.

**I. BACKGROUND**

On August 16, 2017, Mr. Williams pleaded guilty to one count of the Superseding Indictment. Plea Agreement, ECF No. 33. He pleaded guilty to Attempt to Provide Material Support or Resources to a Designated Foreign Terrorist Organization in violation of 18 U.S.C. § 2339B. *Id.* According to the Statement of Facts, Mr. Williams started sharing videos of the Islamic State of Iraq and Syria ("ISIS") in 2014. ECF No. 34. On December 3, 2015, the day after a terrorist attack consisting of a mass shooting and an attempted bombing in San Bernardino, California, Mr. Williams

1

ordered an AK-47 assault rifle. *Id.* He picked up the rifle on December 12, 2015. *Id.* He also purchased one 30 round magazine and 140 rounds of ammunition. *Id.*

In March 2016 Mr. Williams he posted on social media a message describing himself as standing with ISIS. *Id.* A concerned citizen reported Mr. Williams' posts to the Federal Bureau of Investigation ("FBI"), and on March 24, 2016, a confidential human source ("CHS") started communicating with Mr. Williams. They discussed Mr. Williams' social media pages containing images and videos about ISIS. *Id.*

In June 2016, an undercover agent posed as A.D. and met with Mr. Williams pretending to be another ISIS supporter. *Id.* Mr. Williams discussed conducting a solo attack on law enforcement officers, and later gave money to A.D. intending that it go to the Islamic State to support killing. *Id.* The details regarding Mr. Williams' criminal activity are thorough, extensive and presented fully in the Statement of Facts. *Id.*

On December 20, 2017, Mr. Williams was sentenced to 240 months' incarceration followed by a lifetime of supervised release. Judgment, ECF No. 48. Having a criminal history category VI with a total offense level of 37, Mr. Williams' Guidelines-range sentence was restricted at 240 months. PSR at 31, ECF No. 53.

The Court appointed counsel to represent Mr. Williams on his initial Motion for Compassionate Release. Order, ECF No. 52. Appointed counsel argues that Mr. Williams' health condition has been immunocompromised because he suffers from HIV, and that this condition during the COVID-19 pandemic presents extraordinary and compelling reasons for compassionate release. Supp. Mot. for Release at 7–11, ECF No. 57. The Court ordered the Government and the United States Probation

Office to advise the Court of their positions on whether Mr. Williams should receive relief. Both oppose granting Defendant's motions. Recommendation, ECF No. 59; Resp. in Opp'n, ECF No. 60.

## II.     LEGAL STANDARDS

Title 18 U.S.C. § 3582(c)(1)(A) provides that a court may reduce a term of imprisonment after it has been imposed "upon motion of the Director of the Bureau of Prisons["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

Although the United States Court of Appeals for the Fourth Circuit has yet to evaluate the nature of these preconditions fully, other federal Courts of Appeals have ruled that satisfying one of them is a mandatory claim-processing rule. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (ruling that although the "exhaustion requirement does not implicate [a court's] subject-matter jurisdiction," the statute clearly provides that a prisoner may bring a motion on his own behalf only if he fully exhausts administrative rights to appeal with the prison or "wait[s] 30 days after his first request to the prison"); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (finding the petitioner's failure "to comply with § 3582(c)(1)(A)'s exhaustion requirement" to be a "roadblock foreclosing compassionate release at this point").

"When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Alam*, 960 F.3d at 834 (quoting *Hamer v. Neighborhoods Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 (2017)). "Because 'Congress sets the rules' when it comes to statutory exhaustion requirements, the judiciary has a role to play in exception-crafting 'only if Congress wants [it] to.' Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions." *Id.* at *3 (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016)). Therefore, the 30-day waiting period is mandatory unless the Government waives or forfeits the requirement. *Id.* ("[M]andatory claim-processing rules bind the courts only when properly asserted and not forfeited.").

If a motion satisfies the statutory preconditions, a court may reduce the sentence if the Court finds that "extraordinary and compelling reasons warrant such a reduction" and concludes "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Courts must also consider the sentencing factors under 18 U.S.C. § 3553(a). A "court may deny a motion for compassionate release if the § 3553(a) factors override what would otherwise be extraordinary and compelling circumstances" meriting compassionate release. *Easter v. United States*, No. 4:16-cr-49-07, 2020 WL 3315993, at *4 (E.D. Va. June 18, 2020) (citing *United States v. Doumas*, No. 13-cr-120 (JMA), 2020 WL 3256734, at *2 (E.D.N.Y. June 16, 2020)).

### III. APPLICATION

Accepting *arguendo* that Mr. Williams has satisfied the mandatory claim-processing rule and has presented extraordinary and compelling reasons for

4

compassionate release, his Motion is nevertheless denied under consideration of the Section 3553(a) factors.

> Under Section 3553(a) courts must consider:
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>  (B) to afford adequate deterrence to criminal conduct;
>  (C) to protect the public from further crimes of the defendant; and
>  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range
> . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Considering these factors, Mr. Williams is not suitable for a sentence reduction at this time.

The offense for which Mr. Williams is currently incarcerated is egregious. When arrested, Mr. Williams expressed no remorse. Statement of Facts at 22, ECF No. 34. Instead, he told the FBI agents that he was part of a holy war against America, and that he "stood with" ISIS. Compassionate release at this point would result in reducing his sentence from 240 months to approximately 38 months. This would fail to reflect the seriousness of his offense or provide just punishment, and would not ensure that Mr. Williams has gained adequate respect for the law or is specifically deterred from committing crime.

Mr. Williams has a poor disciplinary record while incarcerated. Recommendation at 2, ECF No. 59. He was absent from an assignment, refused work, and abused telephone privileges on multiple occasions while incarcerated. *Id.* He also admitted to possessing a weapon.[1] *Id.* All of this taken together contributes to a conclusion that Mr. Williams maintains a lack of respect for the law and has additional need for specific deterrence.

Mr. Williams has not taken advantage of substance abuse programming. He completed only one class. Recommendation at 2, ECF No. 59. He withdrew twice from a drug education course. *Id.* Mr. Williams' contention that he has been unable to participate in drug programs, Mot. for Release at 19, ECF No. 57, is meritless. He has been incarcerated since 2017, prior to the COVID-19 pandemic. He elected to avoid the required coursework even before services at his facility were shut down.

Mr. Williams has family support. He can be released to his grandmother and her husband who raised him. Mot. for Release at 20, ECF No. 57. This fact weighs in favor of release. *See Poulios v. United States*, No. 2:09-CR-109, 2020 WL 1922775, at *3 (E.D. Va. Apr. 21, 2020) (granting compassionate release when the petitioner had "reliable . . . support to return to upon his release"). However, in this case, this proposed residence is where Mr. Williams lived when he engaged in the conduct that underlies his offense. Accordingly, this factor is less supportive of Mr. Williams' motions as it might otherwise have been.

---

[1] Mr. Williams argues that he accepted this charge for a knife that belonged to his cellmates. Mot. for Release at 20, ECF No. 57. There is no supporting evidence provided for this explanation.

6

The Court acknowledges that Mr. Williams suffers from HIV. He has obtained all requisite treatment and regularly receives the medication required for him. Sealed Medical R. at 3, ECF No. 58. The Court finds no evidence presented supporting an allegation that the BOP's treatment of Mr. Williams condition is ineffective.

Weighing the § 3553(a) factors together, Mr. Williams is ineligible for a reduction in sentence. Compassionate release would inadequately reflect the seriousness of the offense, and would insufficiently punish Defendant and fail to promote respect for the law or afford adequate deterrence. A reduction in sentence would not contribute to the protection of the public. The consideration of the § 3553(a) factors precludes a reduction in sentence, even if Mr. Williams could demonstrate extraordinary and compelling reasons for a reduction.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion (ECF No.51) is **DISMISSED as moot** and the Supplemental Motion (ECF No. 57) is **DENIED**. The Clerk is **REQUESTED** to forward a copy of this Order to Defendant, appointed counsel and to the Assistant United States Attorney.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

March 25, 2021
Norfolk, Virginia